**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHAU D. NGUYEN-TRUONG,
Plaintiff-Appellant,

v.

INTERNATIONAL REHABILITATION
ASSOCIATES, INCORPORATED,
Defendant-Appellee.

No. 98-2213

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-97-1835-A)

Submitted: January 29, 1999

Decided: March 16, 1999

Before WIDENER and LUTTIG, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Frederick J. Day, Falls Church, Virginia, for Appellant. Eric A. Wel-
ter, REED, SMITH, SHAW & MCCLAY, L.L.P., McLean, Virginia;
Mariette J. Mooyman, CIGNA, Philadelphia, Pennsylvania, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Chau Nguyen-Truong appeals the district court's granting of summary judgment against her on her claims of race and sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(a) (1994), and 42 U.S.C. § 1981 (1994). We affirm.

In 1992 Nguyen-Truong, an Asian-American female of Vietnamese descent, began working as a vocational rehabilitation consultant* for the Northern Virginia division of International Rehabilitation Associates, Inc. ("Intracorp"). Her primary job responsibility was to help injured workers obtain employment. In 1996 the State of Maryland chose not to renew a contract with Intracorp that had provided approximately eighty-five percent of Intracorp's business. The loss of the contract required the company to lay off most of its employees, and Intracorp terminated Nguyen-Truong's employment effective October 16, 1996. As of the filing of this lawsuit Intracorp had not hired any new field specialists since Nguyen-Truong's discharge.

On appeal Nguyen-Truong claims that Intracorp intentionally discriminated against her by excluding her from in-house marketing training sessions, and that these sessions would have provided her with information and expertise that would have enabled her to satisfy Intracorp's job retention criteria.

We review the district court's award of summary judgment de novo. See Higgins v. E.I. Du Pont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). In ruling on a motion for summary judg-

_____

*Her title was later changed to "field specialist."

2

ment, a court must assess the evidence in the light most favorable to the non-moving party. See Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). Although summary judgment should be used sparingly in employment discrimination cases, it is appropriate when there is no genuine dispute of material fact. See Ballinger v. North Carolina Agric. Extension Serv., 815 F.2d 1001, 1004-05 (4th Cir. 1987).

A plaintiff who alleges discrimination in violation of Title VII and 42 U.S.C. § 1981, must prove that but for her race or gender the employer would not have taken the adverse employment action. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973); Gairola v. Commissioner of Va. Dep't of Gen. Serv. , 753 F.2d 1281, 1285 (4th Cir. 1985) (holding Title VII and § 1981 have the same proof scheme). In disparate treatment cases, a plaintiff may make out a prima facie case by proffering direct evidence of discrimination or indirect evidence "whose cumulative probative force, apart from the presumption's operation, would suffice under the controlling standard to support as a reasonable probability the inference that but for the plaintiff's race," the defendant would not have taken the adverse employment action. Holmes v. Bevilacqua, 794 F.2d 142, 146 (4th Cir. 1986). In the absence of such evidence, as is the case here, a plaintiff must resort to the McDonnell Douglas , 411 U.S. at 802-05, presumption framework.

Under the McDonnell Douglas paradigm, a plaintiff must first establish, by a preponderance of the evidence, a prima facie case of unlawful discrimination which creates a rebuttable presumption. See Saint Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993). The defendant may rebut a prima facie case of discrimination by presenting a legitimate, nondiscriminatory reason for the adverse employment action. See Hicks, 509 U.S. at 506-07. Once the defendant has offered a legitimate explanation, the presumption of discrimination drops away, and the plaintiff must prove that the employer's proffered reason is pretextual and the adverse employment action was actually taken because of race or gender. See id. at 507-08. Throughout this process, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).

3

Assuming without deciding that Nguyen-Truong provided sufficient evidence to establish a prima facie case of discrimination, Intracorp has presented a legitimate, nondiscriminatory explanation for its employment actions. See Hicks, 509 U.S. at 506-07. The loss of a primary contract that had given Intracorp the majority of its business forced the company to lay-off most of its employees. In determining which employees to retain, Intracorp followed a detailed job elimination scheme which evaluated employees against various criteria. Although Nguyen-Truong met four of the six criteria, she failed to meet the two most important criteria. None of the employees that Intracorp retained met fewer of the criteria than Nguyen-Truong, and each met at least one of the two most important criteria.

With respect to Nguyen-Truong's claim that Intracorp deliberately excluded her from certain meetings in which she would have obtained the skills necessary to meet these two criteria, Intracorp offered evidence that the meetings were intended for employees with the most marketing experience to exchange ideas and coordinate marketing strategies. The meetings were not training sessions, and Nguyen-Truong was not asked to attend these meetings because she had not demonstrated a proficiency in generating business for Intracorp.

Nguyen-Truong fails to offer sufficient evidence to rebut Intracorp's nondiscriminatory explanation for its actions. The record demonstrates that prior to filing this action Nguyen-Truong had no knowledge as to what occurred at the marketing strategy meetings, made no efforts to find out, and had no basis other than her subjective beliefs to support her assertion that her exclusion from the meetings was due to her race and gender. Nguyen-Truong does not dispute that she failed to satisfy the two most vital criteria of the job elimination plan, and points to no direct or circumstantial evidence that her dismissal on this basis was a pretext for illegal discrimination. She offered no evidence rebutting Intracorp's assertion that her discharge was carried out in accordance with its established job elimination scheme, and offers only self-serving assertions in support of her allegations that race and gender were factors affecting her discharge. The lack of evidence from which a reasonable trier of fact could conclude that Intracorp's explanations were pretextual and that its employment actions were actually motivated by Nguyen-Truong's race and gender

4

supports the district court's award of summary judgment. <u>See Hicks</u>, 509 U.S. at 506-08.

We therefore affirm the district court's order granting summary judgment on Nguyen-Truong's claims of race and sex discrimination. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5